IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED IN OPEN COURT

MAY 2 8 2010

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 1:10mj 311 |
| | ) |
| MICHELLE J. NEELY, | ) |
| Defendant. | ) |

## STATEMENT OF FACTS

The United States and the defendant, Michelle J. Neely, agree that had this matter proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt:

1. The defendant, Michelle J. Neely, is an Investigative Specialist with the Federal Bureau of Investigation (FBI) who has been employed by the FBI since April 1995. Her work consists of assisting investigations by conducting authorized physical surveillance. In connection with her work for the FBI, the defendant was granted a Top Secret clearance.

2. On or about December 22, 2009, the defendant, Michelle J. Neely, dropped off her government vehicle for service in the Eastern District of Virginia. On or about December 29, 2009, another employee of the Federal Bureau of Investigation picked up the defendant's government vehicle. Inside the vehicle were official FBI documents that were sensitive in nature, including numerous documents with classified markings on them at the Secret level. These documents had both paragraph classification markings and SECRET in bold on the face of the document. There were one dozen marked documents with classified information left

unsecured inside the defendant's government vehicle after she dropped it off for service in the Eastern District of Virginia.

3. The defendant signed written security briefings acknowledging classified information handling requirements and the legal penalties for failing to adhere to these standards. The defendant was not authorized to remove classified material and store it in her unoccupied government vehicle or residence.

4. The defendant admitted to agents of the Federal Bureau of Investigation that she had removed classified information on various dates from her FBI office and stored it throughout her personal residence which was not authorized to store classified information. She consented to a search of her residence and a federal search warrant was also obtained from this Court on January 6, 2010. Numerous classified documents bearing SECRET markings were recovered throughout her personal residence which was unoccupied when FBI agents arrived to conduct the search and recovery.

5. The defendant was not authorized to store classified information in her unoccupied government vehicle or in her unoccupied personal residence. She signed numerous security briefings and security reminders that classified information could not be left in unoccupied government vehicles or otherwise outside the presence of the FBI employee.

6. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the government. It does not include each and every fact known to the defendant or the government, and it is not intended to be a complete enumeration of all of the facts surrounding the defendant's case.

7. The actions of the defendant as recounted above were in all respects knowing and

deliberate, reflecting an intention to commit the crime of unauthorized removal and retention of classified documents or materials, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Neil H. MacBride
United States Attorney

By: _____
Ronald L. Walutes, Jr.
Assistant United States Attorney

_____
David C. Recker
Trial Attorney, National Security Division
Criminal Division
United States Department of Justice

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Michelle J. Neely, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Michelle J. Neely
Defendant

I am Michelle J. Neely's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
C. Erik Jurgensen, Esquire
Attorney for Michelle J. Neely

3